# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BEANSTALK INNOVATION, INC., | : | Case No. 1:17-cv-553 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| SRG TECHNOLOGY, LLC, | : | |
| Defendant. | : | |

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

This civil action is before the Court regarding Plaintiff Beanstalk Innovation, Inc.'s motion for summary judgment (Doc. 19) and the parties' responsive memoranda (Docs. 23, 25).

## I. BACKGROUND

Plaintiff Beanstalk Innovation, Inc. ("Plaintiff" or "Beanstalk") is a corporation in the business of marketing and reselling various technology, content, and media products and services. On September 1, 2014, Plaintiff entered into a "strategic reseller agreement" (the "Reseller Agreement") with Defendant SRG Technology, LLC. (Doc. 1-1). Per the Reseller Agreement, Plaintiff provided direct sales services for Defendant to assist in securing a contract between Defendant and the Hamilton County, Ohio Education Service Center ("HCESC"), which is not a party to this action. In exchange, Defendant was to pay Plaintiff a sales fee of $437,500, in four equal installments of $109,375; each payment was due within 30 days of Defendant receiving a scheduled

payment of license fees from HCESC.  (*Id.* at 4).

Defendant made the first payment to Plaintiff on schedule, but failed to pay Plaintiff within 30 days of receiving its second license fee payment from HCESC. Plaintiff accordingly filed suit in this District on October 26, 2015 to recover the amount owed under the contract.  *Beanstalk Innovation, Inc. v. SRG Technology, LLC*, Case No. 1:15-cv-695, Doc. 1 (S.D. Ohio Oct. 26, 2015).

On January 13, 2016, Plaintiff and Defendant entered into a settlement agreement (the "Settlement Agreement").  (Doc. 1-2).  Under the terms of the Settlement Agreement, Defendant agreed to make the second installment payment, as well as additional amounts for interest and attorneys' fees, in two payments on dates specified in the Settlement Agreement.  (*Id.* at ¶ 2).  Defendant also agreed that, upon receipt of the forthcoming third and fourth licensing fee payments from HCESC, Defendant would hold the amount from each payment owed to Plaintiff in trust for Plaintiff's benefit until the money was transferred to Plaintiff.  (*Id.* at ¶ 4(b)).

As a result of the settlement, the prior case filed in this District was closed. Defendant made the second installment payments (modified by the Settlement Agreement) as required.  (Doc. 1 at 4).  Defendant also made the third of four installment payments as required and without issue.  (*Id.*).

Defendant received funds from HCESC for its final licensing fee payment on April 19, 2017.  (Doc. 9).  Defendant admits that it did not hold that portion of the final payment owed to Plaintiff in trust as required by the Settlement Agreement; instead, Defendant comingled the entirety of the final payment from HCESC with Defendant's

general funds and spent the money received from HCESC on "operating expenses." (*Id.* at 2). Defendant's final payment from HCESC was discounted from $346,614 to $275,000. (Doc. 23-1 at ¶ 5). Defendant contends that Gail Pierson of SRG spoke with Greg Dumont of Plaintiff before SRG received its final payment from HCESC and that Mr. Dumont orally agreed to accept only $86,777 from Defendant instead of $109,375. (*Id.* at ¶¶ 2–3). Ms. Pierson states that Plaintiff later told her that Plaintiff would only accept the original $109,375. (*Id.* at ¶ 8). Plaintiff states that no representative of Beanstalk ever agreed to accept, either orally or in writing, less than $109,375. (Doc. 19-1 at ¶ 2).

Plaintiff filed the instant complaint in this Court on August 22, 2017, advancing (1) a breach of contract against Defendant for failing to abide by the Reseller Agreement and Settlement Agreement (collectively, the "Agreements") and (2) a breach of fiduciary duty claim for failing to hold funds owed to Beanstalk in trust as required by the Settlement Agreement and instead using the funds for its own expenses. (Doc. 1). The same day, Plaintiff filed a motion for temporary restraining order. (Doc. 5). This Court granted that motion and ordered Defendant to fund an account in the amount of $109,375 held for the benefit of Plaintiff. (Doc. 14).

In the current motion before the Court, Plaintiff seeks summary judgement against Defendant on breach of contract and breach of fiduciary duty claims. (Doc. 19).

## II. STANDARD OF REVIEW

Per the Reseller Agreement and the Settlement Agreement, these breach of contract and fiduciary duty claims are governed by Florida law. (Docs. 1-1 at ¶ 11; 1-2 at

3

¶ 8).

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

### III. ANALYSIS

#### A. Breach of Contract

Under Florida law, "in order to properly state a claim for breach of contract, a plaintiff must allege the existence of a contract, a breach thereof, and damages as a result of the breach." *De Sterling v. Bank of America, N.A.*, 2009 WL 3756335 at *2 (S.D. Fla. Nov. 6, 2009) (citing *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999)).

Here, there is no genuine issue of material fact that SRG breached the Agreements as written. Under those Agreements, SRG owed Beanstalk four payments of $109,375,

4

each due once HCESC paid SRG. (Doc. 1-1 at ¶¶ 1–3; Doc. 1-2 ¶ 4(b)). Pursuant to the Settlement Agreement, SRG was required to "hold in trust for the benefit of Beanstalk" the fourth payment of $109,375 and to pay Beanstalk that sum of money "[o]n or before the third business day following the clearance of funds…." (Doc. 1-2 ¶ 4(b)). SRG admits that HCESC made a fourth payment to SRG, although only $275,000 instead of the original $346,614 contemplated between SRG and HCESC. (Doc. 9-1 at ¶¶ 4–5). SRG admits that it comingled the funds it received from HCESC with its operating funds and used those funds to operate instead of placing any of the money in a trust for Beanstalk. (*Id.* at ¶ 5). SRG does not dispute that it failed to deposit the amount owed to Beanstalk in a trust and failed to make the payment to Beanstalk. (*Id.* at ¶¶ 5–7). Thus, valid agreements existed between Beanstalk and SRG, SRG did not fulfill its obligations under the agreements, and Beanstalk was damaged by not receiving the fourth payment under the agreements.

Defendant argues that there are two issues of fact that preclude summary judgment on Plaintiff's breach of contract claim. The Court finds that neither argument is meritorious.

First, Defendant argues that SRG did not in fact receive a fourth installment payment from HCESC because SRG only received $275,000, not $346,614. (Doc. 23 at 3–4). However, this argument is without merit. While the Agreements between SRG and Plaintiff are conditioned upon the receipt of an "installment payment of License Fees" from the customer, (Doc. 1-1 at ¶¶ 1-1–1-3; Doc. 1-2 at ¶ 4), the agreements do not provide that Beanstalk would only be paid if SRG received a $346,614 from HCESC.

5

There is no genuine issue of material fact that SRG received a fourth installment payment from HCESC of $275,000. If there is a dispute over the amount of payment made by HCESC to SRG, that would be a dispute between those parties over an agreement not before the Court.

Second, Defendant argues that whether the contracts were orally modified by Beanstalk and SRG in dispute. While the parties dispute whether Beanstalk orally agreed to accept $90,000 instead of $109,375 as provided by the Agreements (Doc. 23-1 ¶¶ 2–3; Doc. 19-1 at ¶ 2), even if a representative for Plaintiff orally agreed to a $86,777 payment, that modification would be barred by the Reseller Agreement, the Settlement Agreement, and Florida law. (Doc. 1-1 at ¶ 11; Doc. 1-2 at ¶ 9).

Section 11 of the Reseller Agreement provides that oral modifications are prohibited:

> This Agreement and any term or provision hereof may be changed, waived, discharged or terminated only in writing, signed by the Parties.

(Doc. 1-1 at ¶ 11).

Section 9 of the Settlement Agreement also prohibits oral modifications:

> This Settlement Agreement may only be amended or modified with the prior consent of the Parties and in a writing executed by the Parties hereto.

(Doc. 1-2 at ¶ 9).

Florida courts enforce clauses, such as those in the Agreements, requiring any contract modifications be in writing.

> [W]hen a contract plainly provides that any modification must be in writing, all claims – however labeled – founded upon an alleged oral modification should generally be disposed of as a matter of law. The parties have dealt with the issue through a provision designed – and intended – to protect them against the risk of being enmeshed in, and harassed by protracted litigation based upon alleged oral modifications and courts should in most cases do no more than enforce the contract as written.

*Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 993 (Fla. Dist. Ct. App. 2014) (granting summary judgment in breach of contract case and enforcing contract provision that required any modifications be in writing). Thus, under Florida law, the Court should generally disregard any alleged oral modification to the Agreements made between SRG and Beanstalk.

Nevertheless, Defendant notes that Florida law recognizes an exception to a "no oral modification" clause in which a "written contract or agreement may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it." *Professional Insurance Corp. v. Cahill,* 90 So. 2d 916, 918 (Fla. 1956). In order to prove that an exception to the "no oral modification" provision applies, a party must show:

> (a) that the parties agreed upon and accepted the oral modification (i.e., mutual assent); and (b) that both parties (or at least the party seeking to enforce the amendment) performed consistent with the terms of the alleged oral modification (not merely consistent with their obligations under the original contract); and (c) that due to [the party seeking enforcement of the oral modification's] performance under the contract as amended the [other party] received and

7

> accepted a benefit that it otherwise was not entitled to under
> the original contract (i.e., independent consideration).

*Okeechobee*, 145 So. 3d 989, 995.

Here, even if the Court assumes that the parties orally modified the Agreements, Defendant cannot show the other two elements required to prove that an exception to the "no oral modification" clause applies. First, Defendant did not perform consistent with the alleged oral modification as SRG neither deposited $86,777 in trust nor did SRG make a payment to SRG pursuant to the alleged oral modification. Second, Plaintiff did not receive a benefit that it otherwise was unentitled to under the original contract as Beanstalk not only did not receive the full payment of $109,375 under the Agreements, it did not receive $86,777 it would have been owed under the alleged oral modification. Therefore, Defendant cannot show that show that an exception to the "no oral modification" clauses in the Agreements applies. *Okeechobee*, 145 So. 3d 989, 995 ("Absent such a showing [that an exception applies], the parties will be held to the bargain as negotiated and memorialized in their written agreement.").

Finally, Defendant raises several affirmative defenses that it argues preclude entry of summary judgment, including estoppel, waiver, novation, and negligent misrepresentation. (Doc. 23 at 5–8). None of these affirmative defenses are successful.

**Estoppel.** Defendant argues that the defense of promissory estoppel precludes summary judgment for Plaintiff. Florida courts have found that promissory estoppel as an affirmative defense fails where a written contract includes a "no oral modification" clause because estoppel is "an equitable doctrine for the enforcement of agreements, not a

8

device to nullify an expressly-agreed, written contractual term." *Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship*, 45 So. 3d 897, 902 (Fla. Dist. Ct. App. 2010) (affirming summary judgment on basis that an alleged oral modification of a contract was unenforceable where contract included a "no modification" clause); *see also Univ. of Miami v. Intuitive Surgical, Inc.,* 166 F. App'x 450, 454 (11th Cir. 2006) ("Promissory estoppel is not available as a remedy when parties have a written contract addressing the relevant issue").

**Waiver**. Defendant next contends that Plaintiff waived its right to the $109,375 payment under the Agreements. "Waiver is the voluntary and intentional relinquishment of a known right, or conduct which implies the voluntary and intentional relinquishment of a known right." *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077 (Fla. 2001). Here, the Reseller Agreement plainly states that contract provisions can only be waived in writing. (Doc. 1-1 at ¶ 11). Defendant cites to no legal precedent to support its claim that Plaintiff's alleged oral waiver qualifies as an exception to the "no oral modification" rule. Therefore, Defendant's waiver defense fails.

**Novation**. Defendant argues that Plaintiff novated the Agreements through the alleged oral modification. Under Florida law, four elements are necessary to demonstrate a novation: (1) the existence of a previously valid contract; (2) the agreement to make a new contract; (3) the intent to extinguish the original contractual obligation; and (4) the validity of the new contract." *Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co.*, 328 F.Supp.2d 1319, 1331 (S.D. Fla. 2004). As the Court discussed *supra*, any alleged oral modification of the Agreements was invalid and unenforceable. Therefore,

9

Defendant fails to prove the elements to demonstrate that Plaintiff novated the Agreements.

**Negligent Misrepresentation.** Finally, Defendant argues that the affirmative defense of negligent misrepresentation prevents an issuance of summary judgment in Plaintiff's favor. To prove negligent misrepresentation under Florida law, a party must demonstrate: "(1) misrepresentation of a material fact, (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known of its falsity, (3) that the representor intended that the misrepresentation induce another to act on it, and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation." *Hawaiian Airlines, Inc. v. AAR Aircraft Services, Inc.*, 167 F.Supp.3d 1311, 1321 (S.D. Fla. 2016). Even assuming that Defendant has demonstrated the first three elements of a negligent misrepresentation claim, Defendant clearly fails on the fourth element. Defendant "could not, as a matter of law, justifiably rely on" an alleged oral modification from Beanstalk because the parties had "expressly agreed not to do so." *Coral Reef*, 45 So. 3d at 902. Therefore, Defendant's negligent misrepresentation affirmative defense fails.

Accordingly, there are no genuine issues of material fact in dispute that SRG breached the Reseller Agreement and Settlement Agreement by failing to fund the trust and to pay Plaintiff the fourth payment in the amount of $109,375. The Court finds that Plaintiff is entitled to summary judgment on its claim for breach of contract.

## B. Breach of Fiduciary Duties

Plaintiff contends that SRG breached the fiduciary duties it owed to Beanstalk by failing to fund the trust and to hold the trust funds in trust for the benefit of Beanstalk. It is undisputed that the Settlement Agreement required SRG to "hold in trust for the benefit of Beanstalk that portion of the third and fourth payments received from HSESC that are owed to Beanstalk under the [Reseller] Agreement." (Doc. 1-2 at ¶ 4(b)). Next, it is undisputed that the Settlement Agreement required that Defendant pay Beanstalk that sum of money held in trust "[o]n or before the third business day following the clearance of funds. (*Id.*). Finally, it is undisputed that after receiving the final payment from HCESC, SRG did not hold the money in trust or pay Plaintiff from the trust. In fact, Defendant's general counsel, Garry Johnson, submitted a declaration stating that upon receipt of the final payment from HCESC, Defendant comingled the payment with other operating funds and then used the entirety of that payment to pay various SRG expenses. (Doc. 9-1 at ¶¶ 5–6).

"No rule of law is better settled than that a trustee cannot use trust property or his relation to it for his personal advantage." *See, e.g.*, *Junbluth v. American Bank & Trust Co.*, 101 Fla. 289, 292 (1931); *Keye v. Gautier*, 684 So. 2d 210, 211 (Fla. Dist. Ct. App. 1996) (affirming summary judgment finding party breached fiduciary duty as trustee by mismanaging and misappropriating trust funds for his own benefit). As admitted in the declaration from Defendant's general counsel, SRG breached its fiduciary duties by using the trust funds held for the benefit of Beanstalk for its own benefit. (Doc. 9-1 at ¶ 6).

Defendant argues that, under the Settlement Agreement, "SRG only had a duty to hold in trust the portions of the payment received from HCESC that are owed to Plaintiff under the [Reseller] Agreement." (Doc. 23 at 8). Defendant contends that HCESC never paid SRG the installment payment contemplated by the Addendum. However, as already discussed *supra*, that argument is without merit. The Addendum to the Reseller Agreement plainly states that SRG would pay Beanstalk four equal installment of $109,375 after receipt of installment payments from HCESC. (Doc. 1-1 at 4). SRG received payment from HCESC. (Doc. 9-1 at ¶ 5). Subsequently, SRG did not hold any of that payment in trust for the benefit of Beanstalk and did not pay Beanstalk the amount owed to it under the Reseller Agreement.

Defendant again raises the affirmative defenses of estoppel and modification. As the Court already discussed, these arguments fail. Moreover, even if the alleged oral modification between SRG and Beanstalk were enforceable, SRG indisputably breached its fiduciary duty by not placing the allegedly agreed upon modified amount of $86,777 in trust for Beanstalk's benefit and instead using the payment from HCESC for SRG's own expenses.

Accordingly, there is no genuine dispute of material fact that Defendant breached its fiduciary duties owed to Plaintiff. The Court finds that Plaintiff is entitled to summary judgment on its claim for breach of fiduciary duty.

## C. DAMAGES

Having found that Defendant breached the Agreements, the Court finds that Beanstalk is entitled to an award of $109,375 for specific damages. Plaintiff also argues

Defendant argues that, under the Settlement Agreement, "SRG only had a duty to hold in trust the portions of the payment received from HCESC that are owed to Plaintiff under the [Reseller] Agreement." (Doc. 23 at 8). Defendant contends that HCESC never paid SRG the installment payment contemplated by the Addendum. However, as already discussed *supra*, that argument is without merit. The Addendum to the Reseller Agreement plainly states that SRG would pay Beanstalk four equal installment of $109,375 after receipt of installment payments from HCESC. (Doc. 1-1 at 4). SRG received payment from HCESC. (Doc. 9-1 at ¶ 5). Subsequently, SRG did not hold any of that payment in trust for the benefit of Beanstalk and did not pay Beanstalk the amount owed to it under the Reseller Agreement.

Defendant again raises the affirmative defenses of estoppel and modification. As the Court already discussed, these arguments fail. Moreover, even if the alleged oral modification between SRG and Beanstalk were enforceable, SRG indisputably breached its fiduciary duty by not placing the allegedly agreed upon modified amount of $86,777 in trust for Beanstalk's benefit and instead using the payment from HCESC for SRG's own expenses.

Accordingly, there is no genuine dispute of material fact that Defendant breached its fiduciary duties owed to Plaintiff. The Court finds that Plaintiff is entitled to summary judgment on its claim for breach of fiduciary duty.

## C. DAMAGES

Having found that Defendant breached the Agreements, the Court finds that Beanstalk is entitled to an award of $109,375 for specific damages. Plaintiff also argues

Defendant argues that, under the Settlement Agreement, "SRG only had a duty to hold in trust the portions of the payment received from HCESC that are owed to Plaintiff under the [Reseller] Agreement." (Doc. 23 at 8). Defendant contends that HCESC never paid SRG the installment payment contemplated by the Addendum. However, as already discussed *supra*, that argument is without merit. The Addendum to the Reseller Agreement plainly states that SRG would pay Beanstalk four equal installment of $109,375 after receipt of installment payments from HCESC. (Doc. 1-1 at 4). SRG received payment from HCESC. (Doc. 9-1 at ¶ 5). Subsequently, SRG did not hold any of that payment in trust for the benefit of Beanstalk and did not pay Beanstalk the amount owed to it under the Reseller Agreement.

Defendant again raises the affirmative defenses of estoppel and modification. As the Court already discussed, these arguments fail. Moreover, even if the alleged oral modification between SRG and Beanstalk were enforceable, SRG indisputably breached its fiduciary duty by not placing the allegedly agreed upon modified amount of $86,777 in trust for Beanstalk's benefit and instead using the payment from HCESC for SRG's own expenses.

Accordingly, there is no genuine dispute of material fact that Defendant breached its fiduciary duties owed to Plaintiff. The Court finds that Plaintiff is entitled to summary judgment on its claim for breach of fiduciary duty.

## C. DAMAGES

Having found that Defendant breached the Agreements, the Court finds that Beanstalk is entitled to an award of $109,375 for specific damages. Plaintiff also argues

that, pursuant to the Reseller Agreement, Settlement Agreement, and Florida law, it is entitled to prejudgment interest, costs, attorney's fees, and punitive damages in connection with SRG's breach. (Doc. 19 at 12–14). The parties agree that further briefing is necessary to determine the amount of damages under each category. (Doc. 23 at 10–11; Doc. 25 at 13). Accordingly, Plaintiff shall file a post-judgment motion requesting an award of damages against Defendant related to prejudgment interest, costs, attorney's fees, and punitive damages.

## IV. CONCLUSION

Accordingly, for the reasons outlined above:

1) Plaintiff's motion for summary judgment (Doc.19) is **GRANTED,** and Defendant is liable to Plaintiff in the amount of $109,375 for specific damages;

2) Additionally, for good cause shown, the motion of Defendant's local trial counsel to withdraw (Doc. 21) is **GRANTED;**

3) The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Date:  9/18/18

Timothy S. Black
United States District Judge