## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| BEANSTALK INNOVATION, INC., | : | Case No. 1:17-cv-553 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| SRG TECHNOLOGY, LLC, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This civil action is before the Court on Defendant SRG Technology, LLC ("SRG")'s motion to dismiss this matter and vacate all prior orders (Doc. 33) and Plaintiff Beanstalk Innovation, Inc. ("Beanstalk")'s memorandum in opposition (Doc. 34).

## I.    BACKGROUND

In the current motion before the Court, SRG requests that the Court dismiss this action for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 60(b)(4), and vacate all prior orders.

On September 19, 2018, this Court granted Beanstalk's motion for summary judgement against SRG on breach of contract and breach of fiduciary duty claims (the "September 19 Order", Doc. 26) and the Clerk entered judgment accordingly (Doc. 27). Subsequently, Beanstalk filed a motion to enforce prior judgment and for interests, costs, attorney's fees, and punitive damages.  (Doc. 28).  SRG did not timely respond.  On December 31, 2018, the Court entered an Order to Show Cause.  (Doc. 30).  SRG filed a

response to the Order to Show Cause on January 7, 2019. (Doc. 31). In the response, SRG argued that the case should be dismissed and all prior orders should be vacated because the Court lacks subject matter jurisdiction because there is not complete diversity between the parties. SRG filed the current motion on February 5, 2019.

In the complaint, Plaintiff alleges that it is a Delaware Corporation with a principal place of business in Massachusetts. (Doc. 1 ¶ 1). The Complaint accurately states that SRG is a Florida limited liability company and has a principal place of business in Florida. (*Id.* ¶ 2). In its answer, SRG admitted that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and this matter is between citizens of different states. (Doc. 20 ¶ 3). However, SRG has now submitted an affidavit attesting that two of the members of its limited liability company are residents of Massachusetts. (Doc. 33-1 ¶ 3).

## II.    ANALYSIS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "The objection that a federal court lacks subject-matter jurisdiction, may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (internal citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 "only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff

and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). For the purposes of a diversity analysis, the citizenship of a limited liability company, such as SRG, is the citizenship of each member. *Delay v. Rosenthal Collins, Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

Generally, the burden of demonstrating jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Where factual issues regarding subject matter jurisdiction are in question, a court may consider evidence outside of the complaint in order to "satisfy itself as to the existence of its power to hear the case." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Typically, when the issue of subject-matter jurisdiction is raised after judgment, a motion for relief under Rule 60(b)(4) is appropriate.[1]

Rule 60(b)(4) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …
> (4) the judgment is void . . .

Fed. R. Civ. P. 60(b)(4).

---

[1] Here, the parties dispute whether SRG's motion should be analyzed under Rule 12(b)(1) or Rule 60(b)(4) because they dispute whether the Court's September 19 Order was a final, appealable judgment. Ultimately, the Court finds that whether the motion is construed under Rule 12(b)(1) or Rule 60(b)(4), the result is the same because they both hinge on whether the Court had subject matter jurisdiction when the action was commenced.

The Sixth Circuit has held that a judgment is void under 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir.1992)); *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) ("lack of jurisdiction would make any decree . . . void"). However, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)

The affidavit submitted by SRG makes clear that it is a limited liability company. It also attests that two of its members have been citizens of Massachusetts at all times relevant to this action, including at the time the complaint was filed. (Doc. 33-1). Because Plaintiff and members of Defendant's limited liability company are citizens of the same state, SRG argues the case must be dismissed for lack of subject matter jurisdiction.

Beanstalk has provided no evidence to dispute that individual members of SRG are citizens of Massachusetts. Instead, they contend that the Court had an "arguable basis" for jurisdiction because SRG affirmatively admitted that the Court had complete diversity. (Doc. 34). While the Court is sympathetic to Beanstalk's argument, and finds that dismissal of the action at this stage constitutes a significate waste of judicial resources, it is now apparent and inarguable that complete diversity never existed in this

4

matter. Although for well over a year it appeared this Court had subject matter jurisdiction, it is now clear that it was in want of jurisdiction since the case was commenced.

Therefore, because the Court lacks subject matter jurisdiction, this case must be dismissed. Additionally, all prior orders are void because this Court's "exercise of jurisdiction over this matter exceeded its power" and therefore must be vacated. *Quorum Health Res., LLC v. Lexington Ins. Co.*, No. 3:11-CV-00449, 2015 WL 13505211, at *3 (M.D. Tenn. Feb. 25, 2015) (dismissing matter and vacating prior order after determining complete diversity did not exist).

Importantly, this "dismissal is not a decision on the merits and has no res judicata effect that would prevent the reinstitution of the action in a court that has subject matter jurisdiction over the controversy." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (Wright & Miller, Federal Practice and Procedure, § 1350 at 225 (1990)).

## III. CONCLUSION

Accordingly, for the foregoing reasons, Defendant's motion to dismiss this case and vacate all prior orders (Doc. 33) is **GRANTED**. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: _____5/29/19_____          _____*s/ Timothy S. Black*_____
                                      Timothy S. Black
                                      United States District Judge